IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES CHARLES POE, III                                                    PETITIONER

v.                       NO. 4:04CV00735 JFF

UNITED STATES OF AMERICA                                                  RESPONDENT

ORDER

Before the Court is the Petitioner's motion to reconsider judgment (# 17).

On November 7, 1997, Petitioner, pursuant to a plea agreement with the United States, entered a plea of guilty to conspiracy to utter forged and counterfeit securities in this Court in case number 4:97-CR-00072. On January 21, 1998, Petitioner was sentenced to fifteen months' imprisonment, three years' supervised release, restitution in the amount of $10,125.15, and a $100.00 special assessment.

On May 19, 2004, Petitioner was convicted of conspiracy to possess counterfeit checks and possession of implements for making counterfeit securities after a jury trial in this Court in case number 4:03-CR-00020. On December 2, 2004, Petitioner was sentenced to a total of seventy-one months' imprisonment, a $6,000.00 fine, restitution in the amount of $17,743.68, and a $200.00 assessment. The judgment and commitment order was issued on December 3, 2004. On December 8 and 15, 2004, Petitioner filed notices of appeal from the judgment. On January 7, 2005, Petitioner

was delivered to FCI, Forrest City, for service of his sentence.

On July 30, 2004, prior to being sentenced on his convictions for conspiracy to possess counterfeit checks and possession of implements for making counterfeit securities, Petitioner filed his habeas petition pursuant to § 2241 and § 2255 in this Court alleging the following grounds for relief:

> 1. His federal prosecution on the charges of conspiracy to possess counterfeit checks and possession of implements for making counterfeit securities violates the prohibition against double jeopardy because an order of *nolle prosequi* was entered in Conway County Circuit Court on January 14, 2004;
>
> 2. A pre-trial prejudicial statement was brought to the attention of the district court before trial on May 17, 2004, and entered into the record;
>
> 3. The AUSA impeded the due administration of justice and obstructed justice by using a paid informant;
>
> 4. The AUSA did not provide notice to Petitioner that she would consider the issue of whether accessory after the fact constitutes obstruction of justice so the issue was not briefed, and the AUSA did not respond before trial to Petitioner's motion for discovery and his request for Brady material;
>
> 5. The AUSA exposed Petitioner to multiple trials on or about May 18, 2004;
>
> 6. Appointed counsel, John C. Stratford, violated Fed. R. Crim. P. 44(c); and
>
> 7. Jana Harris, attorney for the Government, breached the plea agreement in case number 4:97-CR-00072.

On May 4, 2005, this Court entered an order and judgment dismissing Petitioner's petition without prejudice. The Court found that it was precluded from considering Claims 1 through 6 until the Petitioner's appeal in 4:03-CR-00020 was resolved. With respect to Claim 7, the Court found that Petitioner was not in custody

under the conviction and sentence in 4:97-CR-00072 and the Court lacked jurisdiction under either § 2241 or § 2255 to entertain the claim. On May 27, 2005, Petitioner filed his motion to reconsider judgment.

The Court finds that Petitioner has not stated a valid basis under either Fed. R. Civ. P. 59 or Fed. R. Civ. P. 60 for this Court to alter or reconsider its judgment of May 4, 2005. Accordingly, the Court denies Petitioner's motion to reconsider judgment.

IT IS SO ORDERED 13th day of July, 2005.

_____
UNITED STATES MAGISTRATE JUDGE